UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Charles W. Penland, Sr., # 12904-171 | ) | C/A No. 6:07-3204-HFF-WMC |
| Plaintiff, | ) | |
| vs. | ) | |
| City of Greer in South Carolina, Kenneth Bobo, affiant, and the Mayor of the City of Greer, | ) | **Report and Recommendation** |
| Defendants. | ) | |

## Background of this Case

The *pro se* plaintiff is Charles W. Penland, Sr., who is a federal inmate at FCI-Butner serving a 120-month sentence for conspiracy to distribute cocaine and methamphetamine entered in *United States v. Penland*, Criminal No. 7:05-710-HFF (DSC), *aff'd* __ Fed. Appx. __, No. 07-4201, 2007 WL 2985299 (4th Cir. Oct. 15, 2007). The plaintiff brought this civil action because defendant Bobo allegedly gave false information to a Spartanburg County judge to obtain an arrest warrant against the plaintiff.[1] (Compl. at p.1) The warrant was signed on July 2, 2005, by an unnamed judge for the offense of breach of trust greater than $5,000.00, and the warrant was issued based upon defendant Bobo's affirmations. (*See* Attachment 2 "the warrant" to Compl.) The plaintiff alleges that this warrant was not "executed" before the statute of limitations expired and "has never been enforced." (Compl. at 1-2.) The plaintiff alleges, presumably with respect to the

---

[1] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (DSC), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

outstanding Spartanburg County warrant, that he "had filed for a Speedy Trial, to which he received no answer" and that he "filed a Motion for Summary Judgment Dismissal for which again no answer has been received." (Compl. at 2.) The plaintiff attached to his Complaint copies of two letters which indicate that as of January 2007 no indictments had been sought against the plaintiff but there were pending criminal charges against the plaintiff in Spartanburg County. (*See* Attachment 2 "the two letters" to Compl.)

The plaintiff alleges that based upon the false outstanding warrant he suffered these injuries: being denied bond during his federal Criminal Action No. 7:05-cr-710; and the Bureau of Prisons ("BOP") gave him a higher security classification of "medium" instead of "low" which caused his designated BOP facility to be more harsh. The plaintiff seeks $10,000,000.00 in damages. The plaintiff paid the full three hundred fifty ($350) filing fee in this case. *See* Receipt No. 600003881 (DSC, October 22, 2007).

### *Pro Se* Prisoner Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* pleadings. Notwithstanding that this prisoner paid the full filing fee, the pleadings have been reviewed pursuant to the procedural provisions of 28 U.S.C. §§ 1915A and 1915(e)(2). *See In re Prison Litigation Reform Act*, 105 F.3d 1131, 1134 (6th Cir. 1997) (noting that § 1915A is restricted to prisoners who sue governmental entities, officers, or employees, but that § 1915(e)(2) applies to any case filed by a prisoner regardless of whether the prisoner paid the full filing fee). The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v.*

*Williams*, 490 U.S. 319, 324-325 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

The plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 127 S.Ct. 2197 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9-10 & n. 7 (1980) (*per curiam*); and *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Fine v. City of New York*, 529 F.2d 70, 74 (2nd Cir. 1975). Even under this less stringent standard, the complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

## Discussion

### I. *Character of this Lawsuit*

Although sometimes a prisoner may bring an action seeking habeas relief to challenge a detainer lodged against him by another state or to seek pre-trial relief on a speedy trial claim related to a state charge,[2] it is clear that this *pro se* prisoner brings this action pursuant to 42 U.S.C. § 1983, not habeas. The plaintiff seeks monetary damages

---

[2] A federal prisoner seeking § 2241 habeas relief from a state criminal charge must first exhaust available state remedies. *See Graham v. Brooks*, 342 F.Supp.2d 256, 262-64 (D. Del. 2004) (explaining that a federal prisoner challenging a state detainer must exhaust available administrative remedies provided by the Interstate Agreement on Detainers ("IAD") in the state lodging the detainer).

3

for a due process or Fourth Amendment violation. From a review of the face of the Complaint, there are no factual allegations whatsoever against defendants City of Greer or the Mayor of the City of Greer, and there are no allegations as to whom defendant Bobo was – a private citizen or governmental employee. For the plaintiff to proceed under federal question jurisdiction by alleging a constitutional violation pursuant to 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United Sates was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

## II. *Defendant Bobo*

Although the face of the Complaint fails to allege that defendant Bobo acted under color of state law, the exhibit to the Complaint reveals that Bobo completed the affidavit "based upon police investigation" and was domiciled in Spartanburg, South Carolina. In an attempt to determine defendant Bobo's status, the undersigned has reviewed the service documents submitted by the plaintiff. In response to this Court's proper form Order filed on October 15, 2007, the plaintiff mailed to the Clerk of Court a Form USM-285 for each defendant.[3] These forms show that defendant Bobo, the affiant, worked for the City of Greer police department as a policeman. Therefore, the plaintiff is likely claiming that defendant Bobo did act under the color of state law when he allegedly gave false information to the Spartanburg County judge to obtain the warrant, so the

---

[3] Although the Forms USM-285 are not docketed, the plaintiff submitted them to Clerk of Court, and the undersigned has reviewed them pursuant to the initial review of this case.

plaintiff may have stated a cognizable claim under § 1983 against defendant Bobo in his individual capacity.[4]  However, this Court should dismiss this case *without prejudice* due to the state court pending criminal proceeding.

Although the holding in *Heck v. Humphrey*, 512 U.S. 477 (1994), is not directly applicable to the above-captioned case because the plaintiff alleges that he has not yet been convicted on the state breach of trust charge set forth in the warrant, this case is still subject to summary dismissal.  *Cf. Wallace v. Kato*, 127 S.Ct. 1091, 1098 (2007).  Absent extraordinary circumstances, federal courts are not authorized to interfere with a State's pending criminal proceedings.  *See, e.g., Younger v. Harris*, 401 U.S. 37, 44 (1971); *Harkrader v. Wadley*, 172 U.S. 148, 169-170 (1898); *Nivens v. Gilchrist*, 319 F.3d 151 (4th Cir. 2003); and *Cinema Blue of Charlotte, Inc. v. Gilchrist*, 887 F.2d 49, 50-53 (4th Cir. 1989).  In *Cinema Blue of Charlotte, Inc. v. Gilchrist*, the United States Court of Appeals for the Fourth Circuit ruled that federal district courts should abstain from constitutional challenges to state judicial proceedings, no matter how meritorious, if the federal claims have been or could be presented in an ongoing state judicial proceeding. *Id.* at 52.  This Court believes that the plaintiff will have the opportunity to demonstrate the falsity of the warrant in the State proceedings; therefore, it is appropriate that this § 1983 claim should be dismissed *without prejudice*.

---

[4] The portion of this § 1983 action which seeks damages based upon the plaintiff's "injury" of the denial of bond in Criminal Action No. 7:05-710, is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), and the doctrine of *res judicata*.  The plaintiff does not allege that he failed to receive credit for his time served in detention during the federal criminal proceedings, and his federal criminal conviction has not been invalidated or set aside.  The Fourth Circuit Court of Appeals recently affirmed his conviction in *United States v. Penland*, __ Fed. Appx. __, No. 07-4201, 2007 WL 2985299 (4th Cir. Oct. 15, 2007).

Moreover, the Anti-Injunction Act, 28 U.S.C. § 2283, expressly prohibits this Court from enjoining such proceedings. *See also Bonner v. Circuit Court of St. Louis*, 526 F.2d 1331, 1336 (8th Cir. 1975)(*en banc*). In *Bonner v. Circuit Court of St. Louis*, the United States Court of Appeals for the Eighth Circuit pointed out that federal constitutional claims are cognizable in both state courts and in federal courts: "Congress and the federal courts have consistently recognized that federal courts should permit state courts to try state cases, and that, where constitutional issues arise, state court judges are fully competent to handle them subject to Supreme Court review." *Id.*

In any event, it is clear that the plaintiff has not exhausted his state remedies. If the plaintiff is later convicted and sentenced in his pending Spartanburg County criminal case, he has the remedy of filing a direct appeal. *State v. Northcutt*, 641 S.E.2d 873 (2007). If his direct appeal is unsuccessful, the plaintiff can file an application for post-conviction relief. *See* § 17-27-10, *et seq.*, South Carolina Code of Laws. It is well settled that a direct appeal is a viable state court remedy. *Castille v. Peoples*, 489 U.S. 346, 349-352 (1989). The United States Court of Appeals for the Fourth Circuit has held that South Carolina's Uniform Post-Conviction Procedure Act is also a viable state-court remedy. *See Miller v. Harvey*, 566 F.2d 879, 880-881 (4th Cir. 1977); and *Patterson v. Leeke*, 556 F.2d 1168, 1170-1173 (4th Cir. 1977).

Liberally construed, the plaintiff may be asserting state law claims against defendant Bobo for libel, slander, and defamation. A plaintiff may proceed on a state law claim in federal court if the diversity jurisdiction statute is satisfied. The diversity statute requires complete diversity of parties and an amount in controversy in excess of seventy-

five thousand dollars ($75,000.00). *See* 28 U.S.C. § 1332(a). Complete diversity of parties in a case means that no party on one side may be a citizen of the same State as any party on the other side. *See Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 372-374 (1978). In a pending case before this Court, the plaintiff responded to Special Interrogatories by the Court.[5] *See Penland v. Governor of South Carolina*, Civil Action No. 6:07-cv-3241-HFF-WMC, Answer to Court Interrogatories, Oct. 11, 2007. The plaintiff advised the Court that his intended domicile before and after his incarceration is South Carolina. *Id.* The exhibits to the Complaint and service papers demonstrate that defendant Bobo's domicile is also South Carolina. Accordingly, this Court has no diversity jurisdiction over the case *sub judice* because it appears that the plaintiff and defendant are domiciled in South Carolina; hence, complete diversity of parties is absent.

### III.  *Defendants City of Greer and the Mayor of the City of Greer*

Liberally construing the plaintiff's Complaint, exhibits, and service papers, this Court gleans that the only reason the City of Greer and the Mayor of the City of Greer are being sued is because they employed defendant Bobo. It is well-settled that the doctrine of vicarious liability and the doctrine of respondeat superior are not applicable in § 1983 actions. *Vinnedge v. Gibbs*, 550 F.2d 926, 927-929 (4th Cir. 1977); *See Polk County v.*

---

[5] Taking judicial notice of another pending case by the plaintiff is appropriate. *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'"); *Mann v. Peoples First Nat'l Bank & Trust Co.*, 209 F.2d 570, 572 (4th Cir. 1954) (approving district court's taking judicial notice of prior suit with same parties: "We think that the judge below was correct in holding that he could take judicial notice of the proceedings had before him in the prior suit to which Mann and the Distilling Company as well as the bank were parties.").

7

*Dodson*, 454 U.S. 312, 325 (1981) ("Section 1983 will not support a claim based on a respondeat superior theory of liability.") (citing *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694 (1978)). Section 1983 liability on the part of a supervisory defendant requires a showing that the supervisory defendant tacitly authorized or was indifferent to the employee's actions which violated constitutional rights. *Miltier v. Beorn*, 896 F.2d 848 (4th Cir. 1990). The plaintiff makes no factual allegations against defendants City of Greer and Mayor of City of Greer to indicate their authorization or indifference to defendant Bobo's actions; accordingly, those two named defendants should be summarily dismissed.

### Recommendation

Accordingly, it is recommended that the above-captioned case be dismissed *without prejudice* and without issuance and service of process. *See In Re Prison Litigation Reform Act*, 105 F.3d 1131 (6th Cir. 1997) (pleadings by prisoners *and* non-prisoners should also be screened); *Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 362, 363-364 (2nd Cir. 2000) ("District courts . . . are . . . capable of determining when an action is frivolous. Indeed, as courts of first instance, district courts are especially likely to be exposed to frivolous actions, and thus have an even greater need for inherent authority to dismiss such actions quickly in order to preserve scarce judicial resources.").

*The plaintiff's attention is directed to the very important notice on the following page.*

October 26, 2007                                   s/William M. Catoe
Greenville, South Carolina                   United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The plaintiffs are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** In the absence of a timely filed objection, a district court judge need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk
United States District Court
Post Office Box 10768
Greenville, South Carolina 29603**

**Failure to timely file specific written objections to this Report and Recommendation will result in a waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir.), *cert. denied*, *Schronce v. United States*, 467 U.S. 1208 (1984); and *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).